Rex, J.
Regarding the defendant Hair as a maker of the note, are the facts stated in the answer sufficient to .constitute a defense to the cause of action set out in the petition ? A period of more than fifteen years having elapsed between the time of the maturity of the note, and the bringing of the action to recover the amount due on it, the defense of the statute of limitations is valid, and bars the action, unless the payments indorsed on it avoids the bar as against the defendant Hair.
The note sued on is joint and several. The petition avers •the payments indorsed on it were made by Hamilton Johnson, one of its makers, and the demurrer, upon well-settled principles of pleading, admits that the payments were made without the knowledge or consent of the defendant Hair.
So far then, Hair has done nothing from which, under the construction given to the 24th section of the code, in Marienthal et al. v. Mosler et al., 16 Ohio St. 566, either an acknowledgment of the debt or a promise to pay it, by him, could even be inferred, if inferences were permissible. In the case *352 cited, Judge Day, delivering the opinion of the court, sáys r “ By comparing section 24 of the code with the section of the limitation act of 1881, for which it is substituted, it is apparent that the general assembly did not intend to enlarge the facilities for taking cases out of the statutory bar. Before this can now be done, the acknowledgment of the existing debt, or the promise to pay the same, must be in writing, signed by the party to be charged thereby. No change is made as to the effect of a part payment of a debt,, but the same effect is given to such part payment as is given to the written promise signed by the party to be charged thereby. It would seem, therefore, from analogy, that the payment must be made by the party to be affected thereby. In the contemplation of the statute, the part payment of a debt is regarded as evidence of a willingness to pay the residue, as conclusive as would be a written promise to that, effect. It could not then have been intended to give this effect to payments other than those made by the party himself. Nothing short of this would warrant the assunrption of a willingness to pay equal to his written promise to that effect.”
This construction is, as we think, entirely consistent with the object and intent of this section of the code and of statutes of limitation generally. Following this construction, the conclusions are inevitable: that the defense interposed was a bar to the action, and that the District Court did not err, in affirming the judgment of the Court of Common Pleas. Judgment affirmed.
McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.